UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNE KRAFT, <br>    Plaintiff, <br>  v. <br> WELLS FARGO & COMPANY, et al., <br>    Defendants. | Case No. 22-cv-01266-AMO <br><br> **ORDER DENYING RECONSIDERATION** <br><br> Re: Dkt. Nos. 101, 103 |

  Before the Court are (1) Plaintiff's motion for reconsideration, which was opposed by Defendants, and (2) Plaintiff's motion for clarification and extension. Essentially, Plaintiff moves for reconsideration of the Court's June 7, 2023 order setting a briefing schedule for Defendants' anticipated motion(s) to dismiss. Dkt. 100. The Court DENIES both of Plaintiff's instant motions.

  Any motion for reconsideration must comply with Civil Local Rule 7-9. Under Civil Local Rule 7-9, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion," which Plaintiff did not do. Civil L.R. 7-9(a). Even if he had sought such leave, Plaintiff's motion for reconsideration would have had to make one of the showings required by Civil Local Rule 7-9(b). None of those specified bases for reconsideration of the Court's June 7 Order exists here. *See* Civil L.R. 7-9(b)(1)-(3) (authorizing reconsideration only on an affirmative showing of a previously unknown "material difference in fact or law . . . from that which was presented to the Court before entry of the interlocutory order," "[t]he emergence of new material facts or a change of law occurring after the time of such order," or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order"). Plaintiff's motion for reconsideration is therefore

DENIED as procedurally defective.

Moreover, Plaintiff's motion for reconsideration errs on the merits. Plaintiff argues that the Court's order considering two separate motions to dismiss "deprives Plaintiff of his right to see all issues Defendants want to raise before he considers amending the complaint." Dkt. 101 at 1. As Rule 12(h)(2) illustrates, the Federal Rules do not create such a right. Under the plain text of Rule 12(h)(2), a defendant is free to raise a defense of failure to state a claim in a successive motion under Rule 12(c) – which may be brought long after a plaintiff's right under Rule 15(a)(1) to amend as a matter of course has expired. *See* Fed. R. Civ. P. 12(c) (providing that a motion for judgment on the pleadings may be brought at any time "early enough not to delay trial"). Defendants are not obligated to advance all the grounds for dismissal in a single motion so long as they comply with the structure presented in Rule 12, and the Court's scheduling order does not contravene the Federal Rules of Civil Procedure. The Court DENIES Plaintiff's motion for reconsideration for this reason as well.

Plaintiff's request for an extension of time to make appropriate court filings related to his motion for reconsideration is DENIED. The Court will not consider further arguments regarding the propriety of the June 7, 2023 Order. This Order TERMINATES both of Plaintiff's pending motions at Dkt. 101 and 103.

**IT IS SO ORDERED.**

Dated: June 13, 2023

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge