UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNE KRAFT,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>    Defendants. | Case No. 22-cv-01266-AMO<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION AND VACATUR**<br><br>Re: Dkt. No. 110 |

Plaintiff Rune Kraft moves to disqualify the undersigned based on Title 28 U.S.C. § 445(a) and (b)(1).  Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."  Section 455(b) states that the judge "shall also disqualify [her]self . . . [w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  The same substantive standard applies to each subsection.  *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) ("The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1) . . . [and] section (b)(1) simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a).").  This standard is an objective one and asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005)).  Importantly, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Holland*, 519 F.3d at 914 ("[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a).").  "[A] judge has 'as strong a duty to sit when there is no legitimate reason to

recuse as [she] does to recuse when the law and facts require.'" *Clemens*, 428 F.3d at 1179 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Kraft argues that the Court's order granting Defendants' request to file pre-answer motions (ECF 100) represents a "fraud on the court" by depriving him of "a normal process of adjudication" (Mot. at 4 (ECF 110 at 10)).  The substance of this accusation appears to be Kraft's belief that he is entitled to amend his Complaint following Defendants' initial Rule 12(b) motion. *See* Pl.'s Objections (ECF 109).  As the Court explained in an earlier order, the Court's scheduling orders do not contravene the Federal Rules of Civil Procedure.  ECF 104.  Moreover, the Court's conduct during the case does not "constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  Plaintiff fails to establish bias on the part of the Court by permitting Defendants to file motions contemplated by the Federal Rules of Civil Procedure and setting forth a structure for such motions.

Kraft argues further that the Court violated the Civil Local Rules, but he does not specify which rule was violated or what conduct violated the Rules.  Mot. at 5 (ECF 110 at 11).  Without more, Kraft's contention does not demonstrate bias or prejudice by the Court.

Kraft finally asserts that Wells Fargo's attorneys may not properly represent the bank because, in so doing, counsel is supporting a criminal enterprise.  Prior to reassignment, the Honorable James Donato considered and rejected this same argument. *See* Text Order (ECF 77). Moreover, these arguments fail to establish bias or the appearance of impropriety by the Court relating to Defendants' representation by their chosen counsel.

Because Kraft fails to meet his burden to show that the undersigned is biased or prejudiced, or that her impartiality might reasonably be questioned, the Court **DENIES** Kraft's motion for retroactive disqualification and vacatur.

**IT IS SO ORDERED.**

Dated: August 30, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**