UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNE KRAFT,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>    Defendants. | Case No. 22-cv-01266-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 115 |

Plaintiff Rune Kraft brings this civil Racketeer Influenced and Corrupt Organizations ("RICO") Act lawsuit against Defendant Wells Fargo & Company ("Wells Fargo") and several of its current and former executives. Kraft alleges that Wells Fargo wrongfully permitted unauthorized persons to open bank accounts in the names of corporations owned by Kraft and eventually withdraw $1.3 million of the corporations' assets for themselves. *See* Compl. ¶¶ 277, 326. Kraft brings his claims as an assignee of Pacific Equipment Management Company ("Pacific"), the successor by merger to the three corporations that allegedly suffered the injuries. Compl. ¶ 326.12. Before the Court is Defendants' motion to dismiss. ECF 115. The Court assumes familiarity with the facts and the procedural history of this case.

This case follows several previous attempts by Kraft, proceeding in propria persona, to litigate claims "assigned" to him by corporations. *See, e.g.*, *Kraft v. Chevron Corp.*, No. CV-21-00575-PHX-DJH, 2021 WL 5882626, at *2 (D. Ariz. Dec. 10, 2021); *Kraft v. Tulare Cnty.*, No. 121CV00768JLTSKO, 2023 WL 2655851, at *2 (E.D. Cal. Mar. 27, 2023), reconsideration denied, No. 121CV00768JLTSKO, 2023 WL 5417496 (E.D. Cal. Aug. 22, 2023). In those and other cases, district courts regularly and repeatedly dismissed the claims brought by Kraft, admonishing him that a corporation must appear in court through an attorney and rejecting his

attempts to circumvent this rule by styling corporate claims as his own. *See id.*; *see also, e.g.*, *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 913 (C.D. Cal. 2016) ("Plaintiff may appear in pro per for himself only. He may not represent anyone else in federal court."); *Inland Concrete Enterprises, Inc. v. Kraft Americas L.P.*, 2015 WL 11233232, at *2 (C.D. Cal. July 6, 2015) ("Finally, the Court admonishes defendants that Kraft Americas L.P. may not proceed or file anything pro se.") (emphasis omitted); *Kraft v. Old Castle Precast Inc.*, 2015 WL 11232401, at *1-3 (C.D. Cal. July 20, 2015) (admonishing Plaintiff that "if he persists in submitting documents on behalf of KALP or otherwise purporting to represent KALP in this case, he may face sanctions – including monetary sanction, dismissal without prejudice of his complaint, and/or dismissal *with* prejudice of his complaint.") (emphasis in original); *24-7 Grp. of Companies, Inc. v. Roberts*, 2014 WL 12708874, at *1 (D. Nev. Dec. 8, 2014) (dismissing action due to failure of plaintiff corporation, for which Kraft was chairman, to secure counsel); *United States ex rel. Kraft v. Calportland Constr.*, 2018 WL 4378757, at *1 (N.D. Cal. June 15, 2018) ("Plaintiff may only pursue a qui tam[ ] action under the [False Claims Act] when represented by counsel."). Kraft is thus well aware that " 'a pro se litigant who is not an attorney cannot assert claims in federal court that an artificial entity, such as a corporation or a limited liability company, has assigned to her.' " *Kraft v. Chevron*, 2021 WL 5882626, at *2 (quoting *Kumaran v. ADM Inv'r Servs.*, 2020 WL 4926263, at *1 (S.D.N.Y. Aug. 20, 2020)).

Kraft alleges that Pacific Equipment Management Company assigned its claims to him. *See* Compl. ¶ 326.12. "As Plaintiff has been reminded repeatedly, irrespective of a purported assignment, Plaintiff may not appear pro se on behalf of a corporation such as Pacific." *Kraft v. Tulare Cnty.*, 2023 WL 2655851, at *4 (citing *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 816 (E.D. Mich. 2009) ("A corporation's claims, even when purportedly 'assigned' to an individual, must be litigated by a licensed attorney.")). Indeed, " '[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.' " *Kraft v. Chevron Corp.*, 2021 WL 5882626, at *2 (quoting *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)). Kraft's factual allegations cannot demonstrate that he possesses Article III standing to bring claims on behalf of Pacific. The Court

therefore **DISMISSES** the action for lack of jurisdiction.

      **IT IS SO ORDERED.**

Dated: August 30, 2024

                                                                          **ARACELI MARTÍNEZ-OLGUÍN**
                                                                          **United States District Judge**